**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 10-02249-JW |
| | Chapter 13 |
| Tyrone Lamar Davis, | **ORDER** |
| Debtor(s). | |

This matter comes before the Court on the Motion for Relief from Automatic Stay filed by Chase Home Finance LLC ("Chase"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334. Pursuant to Fed. R. Civ. P. 52, which is made applicable to this contested matter by Fed. R. Bankr. P. 7052 and 9014(c), the Court makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

1.      On September 6, 2007, Debtor entered into a Lease with Purchase Option agreement ("Lease") with his nephew, Antonio Brown ("Brown"), for real property located at 1407 Eagle Landing Blvd, Hanahan, South Carolina 29410 ("Property"), which was titled in Brown's name. Under the terms of the Lease, Debtor was required to make monthly payments of $1800, beginning October 1, 2007. The Lease further provided Debtor with the option to purchase the Property for $225,000, which had to be exercised in writing no later than June 30, 2012. On the same day, Brown executed a Mortgage in favor of Chase as to the Property. The Mortgage secures a Note in the amount of $220,400 executed by Brown in favor of Chase.

2.      The Mortgage includes a due on sale provision, which provides that Chase may require immediate payment in full of all sums secured by the Mortgage if all or any part of the Property or any interest in the Property is sold or transferred without Chase's

written consent.  The due on sale provision further provides that if Chase exercises its option to accelerate the loan, it will provide notice of the acceleration to Brown and provide a period of not less than 30 days within which Brown must pay all sums secured by the Mortgage.

3.      On December 23, 2008, Chase commenced foreclosure proceedings in Berkeley County against Brown based on his failure to make payments on the loan.  The foreclosure was stayed for a period of time due to Brown's request for a loan workout but the workout was later cancelled and the foreclosure process was recommenced.

4.      On February 2, 2010, Brown conveyed the Property to Debtor by general warranty deed ("Deed").  The Deed provided that the consideration for the transfer was five ($5) dollars.  Debtor testified that he also paid Brown $5,000 in connection with this transfer.

5.      The Deed was recorded in the Berkeley County Register of Deeds office on March 30, 2010.  That same day, Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

6.      Debtor filed his chapter 13 plan ("Plan") on June 30, 2010.  Despite being served with the Plan, Chase did not file an objection to confirmation of the Plan.  The Plan provides for arrearage payments of $746 per month to Chase in addition to the maintenance of regular monthly payments beginning May 2010.  The plan was confirmed on August 4, 2010, with the records of the Court showing service of the confirmation order on Chase. Chase did not appeal the confirmation order.

7.      Chase filed the Motion on August 24, 2010, asserting that it is entitled to relief under 11 U.S.C. § 362(d)(1) because it is not adequately protected and under 11

2

U.S.C. § 362(d)(4) because the Property was transferred without Chase's knowledge, consent, and without valid consideration as a means of delaying the foreclosure action pending in State Court. Chase further asserts that no post petition regular monthly payments have been received from Debtor.

8.      Debtor filed an objection to the Motion, asserting that, prior to the transfer, he had an equitable interest in the Property by virtue of the fact that he has used the Property as his principal residence for a number of years and has been making payment directly to Chase. Debtor testified that the Property had been purchased by Brown on his behalf because he was unable to obtain financing to purchase the Property himself. He asserts that the title to the Property was transferred to him in order to consolidate his equitable and legal interests in the Property.

9.      The value of the Property exceeds the lien held by Chase by approximately $34,100.

## CONCLUSIONS OF LAW

As a preliminary matter, the Court finds that Chase is bound by *res judicata* and 11 U.S.C. § 1327 to accept its treatment under the confirmed Plan in this case since it failed to object to confirmation, despite having been provided notice of the Plan and confirmation hearing, and failed to appeal the confirmation order. 11 U.S.C. § 1327 ("The provisions of a confirmed plan bind the debtor and each creditor,… whether or not such creditor has objected to, has accepted, or has rejected the plan."); United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1380 (2010) (holding that a confirmation order was binding on a creditor, despite the fact that the creditor's treatment under such order was legal error, based on the creditor's notice of the error and failure to object or

timely appeal); In re Durham, 260 B.R. 383, 386 (Bankr. D.S.C. 2001) (holding that

"[c]onfirmation is the bright line in the life of a Chapter 13 case at which all the

important rights of creditors and responsibilities of the debtor are defined and after which

all rights and remedies must be determined with reference to the plan").

Despite the confirmed Plan, Chase's Motion seeks relief from stay for cause

under 11 U.S.C. § 362(d)(1)[1] on the grounds that it is not adequately protected and under

§ 362(d)(4) on the grounds that the filing of the petition was part of a scheme to delay,

hinder, and defraud Chase. Chase bears the initial burden of showing that cause for relief

from the stay exists under these sections, but upon such a showing, the burden shifts to

the Debtor to demonstrate a lack of cause, the existence of adequate protection, and that

the filing of the petition was not part of a scheme to delay, hinder, or defraud Chase.

§ 362(g); In re Henderson, 395 B.R. 893, 898 (Bankr. D.S.C. 2008).

### I.    Section 362(d)(1)

Chase first argues that it is not adequately protected because Debtor is not

obligated on the Note and Mortgage. Although not specifically articulated in its Motion,

Chase appears to argue that the lack of privity of contract prevents Debtor from

proposing to cure the default through his plan, which leaves Chase not adequately

protected. This was essentially the same argument raised in In re Trapp, in which this

Court relied upon the United States Supreme Court's reasoning in Johnson v. Home State

Bank, 501 U.S. 78 (1991), to conclude that a chapter 13 debtor who was not in

contractual privity with a mortgagee could repay a mortgage lien through the plan. 260

B.R. 267, 271 (Bankr. D.S.C. 2001). In Trapp, the debtor sought to repay a creditor's

---

[1]    Further references to the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) shall be by section number
only.

mortgage lien through her plan, where the note and mortgage had been executed by

nondebtors and the property had been subsequently conveyed to the debtor.  The creditor

sought relief from stay on the grounds that there was no debtor-creditor relationship

between the debtor and the creditor; therefore, the mortgage debt was not a claim within

the meaning of §§ 1322(b)(2), (5), and (6) or § 101(5).  Despite the lack of privity

between the creditor and the debtor, the Court found that the creditor held a claim against

the debtor's estate because the debtor owned the property upon which the creditor

asserted a lien and right to collect and that property was property of the estate.

In this case, Debtor has title to the property by virtue of the Deed from Brown,

which was recorded prior to the bankruptcy filing. Even prior to the Deed, Debtor

asserted an equitable interest due to his Lease with Option to Purchase, possession of the

property, and making of payments—some directly to Chase.  The Court finds that the

Property is property of the estate.  Since Debtor is the owner of the Property as to which

Chase holds a lien and that Property is property of the estate, Chase therefore holds a

claim against Debtor within the meaning of § 1322(b) and such claim may be treated in

the Plan.  See id.; see also In re Garcia, 276 B.R. 627 (Bankr. D. Ariz. 2002); In re

Allston, 206 B.R. 297 (Bankr. E.D.N.Y. 1997); In re Hutcherson, 186 B.R. 546 (Bankr.

N.D.Ga. 1995); In re Newcomer, No. 02-13178, Adv. No. 07-479, 2010 WL 3927481

(Bankr. D.Md. Sept. 30, 2010).

At the hearing, Chase further argued that the violation of its due on sale clause

entitles it to stay relief.  However, the violation of a due on sale clause does not

conclusively establish that the moving party is entitled to stay relief. See In re Garcia,

276 B.R. at 630 (concluding that "as a matter of law, the violation of the Bank's due on

sale clause does not per se entitle the Bank to stay relief"); In re Ramos, 357 B.R. 669,

672 (Bankr. S.D. Fla. 2006) (finding that the breach of a due on sale clause did not

constitute cause for relief from stay). The violation of such a clause would be just one

factor to be considered in determining whether cause exists for relief from stay under the

totality of the circumstances. See Claughton v. Mixson, 33 F.3d 4, 5 (4th Cir. 1994)

(stating that the courts must determine whether to grant relief for "cause" on a case-by-

case basis).  Moreover, Chase's foreclosure action was based upon the payment default,

not violation of the due on sale clause.  While the due-on-sale clause provides Chase with

the option to accelerate the loan based upon the sale of the property, it requires Chase to

give notice of the acceleration to Brown and provide a period of not less than 30 days

within which Brown must pay all sums secured by the Mortgage.  There is no evidence

that this clause has been triggered by Chase by exercising its option to accelerate the loan

and giving notice of acceleration to Brown.  Even if the provision was triggered, the

Court need not address the issue because the confirmation of the plan prevents Chase

from exercising the due on sale clause or arguing that Debtor's failure to adhere to the

clause would violate § 1322(b)(2), since Chase failed to raise this argument at either the

confirmation hearing or the hearing on the Motion.[2] The confirmed plan provides for

Debtor's retention of the property, curing of the arrearage, and resumption of regular

payments.

---

[2]      In In re Mullins, the bankruptcy court for the Southern District of Texas found that cause existed
for relief from stay under the circumstances of that case based on the breach of a due on sale clause. 433
B.R. 1, 15 (Bankr. S.D.Tex. 2010).  However, Mullins is distinguishable from the case at bar because the
plan had not yet been confirmed and the court was addressing both the creditor's objection to confirmation
based on § 1322(b)(2) and a motion for relief from stay under § 362(d)(1).  In this case, Chase did not
object to its treatment under the plan and therefore waived its right to raise a violation of § 1322(b)(2) as
cause for relief from stay.  See In re Ramos, 357 at 672-73. (finding that the creditor waived its objection to
reinstatement and cure of default in a chapter 13 plan proposed by a debtor who was not the borrower by
objecting only to the amounts due and not to the treatment of its claim)

Debtor further argues that Chase is adequately protected by the monthly post

petition payments, the arrearage payments to be paid through the Plan, and the equity

cushion in the Property.  Although no post petition payments had been made to Chase as

of the date of the hearing, Debtor testified that he had the funds to bring the post petition

payments current within thirty days. There is also over $34,000 of equity in the Property.

Chase presented no evidence indicating that the value of the Property is declining.  It also

did not dispute the value of the Debtor's home or the amount of equity in the Property.  It

appears that Chase holds a first priority lien on the Property, which is fully secured.  The

presence of a sufficient equity cushion and the Debtor's assurance of payment within

thirty days indicate that Chase's security interest is adequately protected at this time.

Accordingly, Chase's Motion for relief for cause pursuant to § 362(d)(1) is denied

without prejudice.

## II.    Section 362(d)(4)

Chase further seeks relief from stay pursuant to § 362(d)(4), which provides in

pertinent part:

> On request of a party in interest and after notice and a hearing, the
> court shall grant relief from the stay provided under subsection (a)
> of this section …
> …
> (4) with respect to a stay of an act against real property under
> subsection (a), by a creditor whose claim is secured by an interest
> in such real property, if the court finds that the filing of the petition
> was part of a scheme to delay, hinder, and defraud creditors that
> involved either-
> (A) transfer of all or part ownership of, or other interest in, such
> real property without the consent of the secured creditor or court
> approval; or
> (B) multiple bankruptcy filings affecting such real property.[3]

---

[3]    Chase has not alleged that Debtor or Brown filed a relevant prior bankruptcy case.  Therefore,
subpart (b) is not applicable.

7

To obtain relief under § 362(d)(4), Chase must establish three elements: (1) that Debtor engaged in a scheme, (2) to delay, hinder, and defraud the creditor, and (3) which involved either the transfer of property without the creditor's consent or court approval or multiple filings.   See In re Poissant, 405 B.R. 267, 273 (Bankr. N.D. Ohio 2009). Although there was a transfer of the Property without Chase's consent, no evidence has been presented indicating that Debtor intended to hinder, delay and defraud Chase through such transfer or by filing the petition.  While the deed was executed a month before the bankruptcy case was filed and recorded the day the bankruptcy case was filed, the evidence indicates that Debtor exercised an option that was contemplated by the Lease entered into between Brown and Debtor in 2007.[4] The Court finds that Chase has failed to establish that it is entitled to relief from stay pursuant to § 362(d)(4).

## CONCLUSION

For the foregoing reasons, Chase's Motion is denied without prejudice.  In light of the fact that this ruling is based in part upon Debtor's assurance of payment to Chase, Debtor shall make payments sufficient to bring his post petition payments current on or before October 22, 2010, either by submitting such funds to his counsel, Chase's counsel, or directly to Chase at its previously specified payment address. Any funds held by Debtor's counsel for this purpose must be immediately turned over to Chase.  If Debtor fails to timely comply with the provisions of this Order, Chase shall be entitled to an

---

[4]     The Court further observes that even prior to the transfer Debtor may have had a sufficient equitable interest in the property for it to be property of the estate by virtue of the fact that the Property was purchased by Brown on Debtor's behalf because Debtor was unable to obtain financing. See In re Rivers-Jones, C/A No. 07-2607, slip op. at 6 (Bankr. D.S.C. Sept. 4, 2007) (finding that the debtor had an equitable interest in the property based on a resulting trust theory, where the property was purchased by the debtor's grandmother and the payments were made by the debtor).

order granting relief from stay without further notice or hearing upon the submission of

an affidavit of default and proposed order to the Court.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**10/12/2010**



Entered: 10/12/2010

Chief US Bankruptcy Judge
District of South Carolina